UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

                Plaintiff,

v.

DELTA AIR LINES, INC.,

                Defendant.

_____/

Case No. 2:25-cv-12910

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF No. 6) AND DISMISSING PLAINTIFF'S COMPLAINT**

In August 2025, Plaintiff Littiece Jones filed a ten-count complaint against her employer, Defendant Delta Air Lines, Inc. ("Delta"). Presently before this Court is Delta's motion to dismiss all ten of those counts under Civil Rule 12(b)(6). As explained below, Delta's motion will be granted and Jones's complaint will be dismissed in its entirety.

## I. BACKGROUND

Although Jones's complaint includes ten counts, it consists of only a few pages of mostly vague, conclusory allegations. *See* ECF No. 1-2 at PageID.22–24.

Jones began working for "Delta and its subsidiary" in October 2012, though it is not clear from her complaint what her job title was or what her job duties were. *Id.* at PageID.22. Jones adds that she "is a qualified individual" who has "physical

and mental disabilities, including PTSD [Post-Traumatic Stress Disorder], Generalized Anxiety Disorder [GAD], Long-COVID, and musculoskeletal injuries." *Id.* She also notes that she is "a practicing Seventh Day Adventist Christian, whose sincerely held religious beliefs prohibit her from working from Friday sundown to Saturday sundown." *Id.*

According to Jones, Delta had historically provided her with "religious and disability accommodations," but "revoked" the accommodations at some point. *Id.* Jones does not say exactly what those accommodations were nor when they were allegedly "revoked." *Id.*

Jones says that on December 30, 2024, she "requested reasonable disability and religious accommodations" from Delta "including but not limited to employee policies and procedures, access to restrooms, scheduling flexibility, shift bidding assistance, and system access." *Id.* That same day, she also says she gave Delta "notice" that she had reported or intended to report "claims of discrimination, retaliation, etc[.] for protected classes." *Id.* at PageID.23. Jones says that Delta "denied or failed to meaningfully accommodate [her] requests" for accommodations. *Id.* at PageID.22. She further alleges that on January 1, 2025, Delta "suspended [her] and placed her on involuntary leave despite medical clearance to return to work" and wrote her up for an alleged incident that occurred in July 2024. *Id.* at PageID.22–23.

Jones says she again requested "reasonable disability and religious

- 2 -

accommodations" on August 1, 2025. *Id.* at PageID.22. She alleges that one week later, Delta suspended her again "due to an alleged failure to comply with bidding" procedures. *Id.* at PageID.23. But Jones alleges this suspension "was in fact a failure to accommodate her disabilities and religious observances, and in retaliation for [her] protected activities." *Id.*

Jones makes several additional, vague allegations. *See generally* ECF No. 1-2. These include the following allegations:

- Jones says that at some unspecified time she "reported workplace safety violations and compliance failures, including hazards cited by OSHEA/MIOSHA and FAA-required manuals and safety procedures." *Id.* at PageID.23.

- Jones says Delta retaliated against her at some unspecified time by "locking [Jones] out of systems, denying access to bidding, issuing threats of 'employment review,' and excluding her from opportunities." *Id.* She also alleges Delta "subjected" her to "increased scrutiny, disparate treatment, and false disciplinary write-ups." *Id.*

- Jones says that at some unspecified time she "was subjected to ethnic intimidation, harassment, and derogatory remarks, creating a hostile work environment based on race, religion, and disability." *Id.*

- Jones says that at some unspecified time Delta "engaged in conduct amounting to trafficking and involuntary servitude by forcing [Jones] and other employees to work under unsafe conditions, threatening retaliation, withholding wages, and exploiting vulnerabilities." *Id.* at PageID.24.

- Jones says that she "and her minor dependents were victims of trafficking/child exploitation of which [Delta] was aware," and that

Delta at some unspecified time "exacerbated [Jones's] trauma and subjected her and her dependents to further harm." *Id.*

- Jones says that at some unspecified time she requested access to her personnel file and was denied such access. *Id.*

On August 20, 2025 Jones sued Delta in Wayne County Circuit Court. *See* ECF Nos. 1 at PageID.4; 1-2. She brings 10 claims against Delta:

| Count | Claim |
|---|---|
| I | Disability Discrimination in violation of Michigan's Persons with Disabilities Civil Rights Act (PWDCRA) |
| II | Failure to Accommodate in violation of Michigan's PWDCRA and Michigan's Elliott-Larsen Civil Rights Act (ELCRA) |
| III | Religious Discrimination & Failure to Accommodate in violation of Michigan's ELCRA and the Michigan Constitution |
| IV | Retaliation in violation of Michigan's ELCRA and PWDCRA |
| V | Whistleblower Retaliation in violation of Michigan's Whistleblowers' Protection Act (WPA) |
| VI | Retaliation for Safety Reporting in violation of Michigan Occupational Safety and Health Act (MIOSHA) |
| VII | Workers' Compensation Retaliation in violation of Michigan Worker's Disability Compensation Act (WDCA) |
| VIII | Violation of Michigan's Bullard-Plawecki Employee Right to Know Act |
| IX | Human Trafficking, Forced Labor, and Involuntary Servitude in violation of MICH. COMP. LAWS 750.462a–i. |
| X | Ethnic Intimidation and Harassment in violation of Mich. Comp. Laws 750.147b and "common law torts" |

ECF No. 1-2 at PageID.25.

On September 12, 2025, Delta removed the case to federal court. *See generally* ECF No. 1. One week later, Delta filed a motion to dismiss. ECF No. 6. Delta argues that all of Jones's claims must be dismissed under Civil Rule 12(b)(6)

- 4 -

because five of her claims are not legally cognizable, and the remaining five claims fail to state a claim for which relief may be granted. *Id.* at PageID.52–65. Jones opposes dismissal, arguing that her complaint "states multiple cognizable claims and—at minimum—warrants leave to amend under Rule 15(a)(2)." ECF No. 10 at PageID.80.

## II. LEGAL STANDARD

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do."). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Otherwise, the Court must grant the motion to dismiss. *See Twombly*, 550 U.S. at 570.

- 5 -

### III. DISCUSSION

As explained below, all of Jones's claims will be dismissed under Civil Rule 12(b)(6), so Delta's motion will be granted and Jones's complaint will be dismissed.

**A. Count I: Disability Discrimination in Violation of Michigan's PWDCRA**

"Under the PWDCRA, employers may not 'discriminate against an individual because of a disability that is unrelated to the individual's ability to perform the duties of a particular job or position.'" *Trapp v. Fed. Express Corp.*, 643 F. Supp. 3d 769, 775 (E.D. Mich. 2022) (alterations omitted) (quoting MICH. COMP. LAWS § 37.1202(1)(b)). To maintain a PWDCRA claim, a plaintiff must allege that the defendant "(1) regarded [the p]laintiff as having a determinable physical or mental characteristic, (2) regarded [the p]laintiff's perceived characteristic as substantially limiting one or more of her major life activities, and (3) considered [the p]laintiff's perceived characteristic to be unrelated to her ability to perform the duties of a particular position or to her qualifications for employment or promotion." *Id.* (internal quotation marks, citation, and alterations omitted).

Here, at best, Jones's allegation that she requested disability accommodations could show that Delta knew about her disabilities, thus establishing the first element of a PWDCRA claim. But even construing Jones's complaint liberally, she has not alleged any facts that satisfy the remaining elements for a PWDCRA claim. Indeed, Jones has not alleged that Delta considered any of Jones's physical or mental

characteristics as limiting one or more of her major life activities but unrelated to her ability to perform her job duties. *See id.*; *see generally* ECF No. 1-2. Thus, she has not alleged facts sufficient to state a claim for disability discrimination under Michigan's PWDCRA, so Count I must be dismissed. *See Sobers v. Ascension Providence Hosp.*, No. 2:23-cv-12126, 2024 WL 1776335, at *7 (E.D. Mich. Apr. 23, 2024) (dismissing a PWDCRA discrimination claim where the plaintiff did not allege that the defendant perceived her disability as unrelated to the work she performed for the defendant).

### B. Count II: Failure to Accommodate in violation of Michigan's PWDCRA and ELCRA

In Count II, Jones alleges failure to accommodate under Michigan's PWDCRA and ELCRA. ECF No. 1-2 at PageID.25. Because Jones raises both disability and religious accommodations in her complaint and frames Count II as a failure to accommodate under both the PWDCRA and the ELCRA, this Court will construe Count II as including the following two subclaims: (1) a failure to accommodate her disabilities under the PWDCRA and (2) a failure to accommodate her religion under ELCRA.

First, under the PWDCRA, an employer "shall accommodate a person with a disability for purposes of employment . . . unless the employer demonstrates that the accommodation would impose an undue hardship." MICH. COMP. LAWS § 37.1102(2). To succeed on a failure to accommodate claim under the PWDCRA, a

plaintiff must show that: "(1) [s]he is disabled under the ADA; (2) [s]he is otherwise qualified for the position, with or without a reasonable accommodation; (3) h[er] employer knew or had reason to know of h[er] disability; (4) [s]he requested a reasonable accommodation; and (5) the employer failed to provide the reasonable accommodation." *Aldini v. Kroger Co. of Mich.*, 628 F. App'x 347, 350 (6th Cir. 2015).

Here, Jones has not "plead[ed] factual content that allows the court to draw the reasonable inference that [Delta] is liable for" a failure to accommodate under the PWDCRA. *Iqbal*, 556 U.S. at 678. True, Jones alleges that she requested accommodations in December 2024 and August 2025—"including but not limited to employee policies and procedures, access to restrooms, scheduling flexibility, shift bidding assistance, and system access"—and that Delta allegedly "denied or failed to meaningful accommodate these requests" ECF No. 1-2 at PageID.22. But even construed liberally these vague factual allegations do not make clear what accommodations she allegedly requested on those dates. Indeed, requesting a disability accommodation for "policies and procedures" and "flexibility"—without more—is not a sufficient allegation to give rise to a PWDCRA failure-to-accommodate claim. *See Iqbal*, 556 U.S. at 678 (holding that a complaint is insufficient that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement") (citing *Twombly*, 550 U.S. at 555). And it is not clear

from Jones's complaint why her alleged disabilities required such accommodations. Moreover, Jones has not even alleged what her job title at Delta is and what her work for Delta entails, such that it is not even clear whether Jones's requested accommodations were reasonable. In sum, Jones has not provided sufficient factual allegations to give rise to a failure to accommodate claim under the PWDCRA, so Count II will be dismissed. *See id.*

Second, to the extent Jones intends to allege that Delta had a duty to accommodate her religion and failed to do so violation of the ELCRA, "the ELCRA contains no terms requiring such a duty, but rather just contains a general ban on discrimination based on religion." *Ureche v. Home Depot U.S.A., Inc.*, No. 2:06-CV-11017, 2006 WL 3825070, at *3 (E.D. Mich. Dec. 26, 2006). Thus, Count II must be dismissed to the extent it alleges a failure to accommodate religion under the ELCRA. *See Bass v. T-Mobile USA, Inc.*, 726 F. Supp. 3d 749, 763 (E.D. Mich. 2024) (dismissing failure to accommodate claim brought under ELCRA because "the ELCRA does not require religious accommodation").

### C. Count III: Religious Discrimination & Failure to Accommodate in Violation of Michigan's ELCRA and the Michigan Constitution

First, to the extent that Jones alleges a violation of the Michigan Constitution in Count III, it must be dismissed because Michigan's "constitutional provisions do not govern private conduct, let alone private employment conduct." *Hoven v. Walgreen Co.*, No. 1:11-cv-881, 2012 WL 6025790, at *5 (W.D. Mich. Dec. 4,

2012), *aff'd*, 751 F.3d 778 (6th Cir. 2014).

Second, to the extent that Jones again raises a failure to accommodate religion claim under ELCRA, this will be dismissed for the reasons addressed in Count II. *See Ureche*, 2006 WL 3825070, at *3 (finding that the ELCRA does not entail a duty to accommodate religion); *see also Bass*, 726 F. Supp. 3d at 763 (dismissing a failure to accommodate religion under ELCRA claim because "the ELCRA does not require religious accommodation").

Third, to the extent that Jones alleges religious discrimination under the ELCRA in Count III, to state such a claim, a plaintiff must allege "that she was a member of a protected class, that she suffered an adverse employment action, that she was qualified for the position, and that she was treated differently from similarly situated employees of an unprotected class for same or similar conduct." *Perry v. Universal Med. Staffing, Inc.*, 62 F. Supp. 3d 666, 671 (W.D. Mich. 2014) (citing *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 947 (6th Cir. 2012)).

Here, Jones does not state what position she held, much less allege that she was qualified for the position. *See generally* ECF No. 1-2. Furthermore, Jones does not allege that any other similarly situated employees were treated more favorably. *See id.* Thus, her religious discrimination claim must be dismissed. *See Collias v. MotorCity Casino*, No. 2:22-CV-12650, 2023 WL 6406220, at *8 (E.D. Mich. Sept. 30, 2023) (dismissing a plaintiff's ELCRA religious discrimination claim where the

plaintiff did not allege that similarly situated employees were treated more favorably).

In sum, although Count III appears to include three separate claims, all three claims must be dismissed, so Count III will be dismissed in its entirety.

### D. Count IV: Retaliation in violation of PWDCRA and ELCRA

To proceed on her claims of retaliation under both the PWDCRA and the ELCRA, Jones must plausibly allege that "(1) she engaged in protected activity by either opposing [a PWDCRA and ELCRA] violation or participating in a proceeding under the statute, (2) the employer knew that the plaintiff engaged in protected activity, (3) the plaintiff suffered an adverse job action, and (4) there was a causal connection between the plaintiff's protected activity and adverse job action." *Marotta v. Ford Motor Co.*, 119 F. Supp. 3d 676, 697 (E.D. Mich. 2015) (citing *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014); *Aho v. Mich. Dep't of Corr.*, 688 N.W.2d 104, 108 (Mich. Ct. App. 2004)); *see also Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 343–44 (6th Cir. 2021) (articulating the same standard for ELCRA retaliation claim).

The only allegation in Jones's complaint which *might* qualify as a protected activity for purposes of an ELCRA or PWDCRA retaliation claim is her allegation that on December 30, 2024, she provided "notice" to Delta that she would be "reporting or intending to report claims of discrimination, retaliation, etc[.] for

- 11 -

protected classes." ECF No. 1-2 at PageID.23. But Jones does not explain the nature of her "claims of discrimination," nor does she identify to whom she reported or "intend[ed] to report" such claims. *See generally id.* Again, her plain assertions devoid of factual detail are insufficient for alleging that she engaged in a protected activity by either opposing a PWDCRA or ELCRA violation or participating in a proceeding under either the PWDCRA or ELCRA. *See Iqbal*, 556 U.S. at 678. Thus, Count IV will be dismissed.

### E. Count V: Whistleblower Retaliation in violation of WPA

"Among other things, the WPA makes it illegal for an employer to retaliate against an employee because the employee has reported a violation of [local, state, or federal] law." *Chandler v Dowell Schlumberger Inc*, 572 N.W.2d 210, 211 (Mich. 1998); *see also* MICH. COMP. LAWS § 15.362. To establish a claim for a violation "under this section of the WPA, a plaintiff must show that '(1) he or she was engaged in protected activity as defined by the act, (2) he or she suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action.'" *Esordi v. Twp. of Macomb*, No. 366541, 2025 WL 2495908, at *8 (Mich. Ct. App. Aug. 29, 2025) (quoting *Whitman v. City of Burton*, 831 N.W.2d 223, 229 (Mich. 2013)). A plaintiff bringing a claim based upon a violation of the WPA must do so "within 90 days after the occurrence of the alleged violation of [the WPA]." MICH. COMP. LAWS § 15.363.

Delta argues that Jones's WPA retaliation claim should be dismissed for two reasons. ECF No. 6 at PageID.54. First, because they are too vague for Delta to discern whether it is "duplicative of [claims] asserted in Jones' currently pending federal whistleblower action against Delta." *Id*. Second, because they are untimely. *Id.*

Even *assuming* that Jones's WPA retaliation claims in this case are not duplicative of the claims she asserted in her United States Department of Labor (DOL) case,[1] these claims must be dismissed as untimely because it does not appear they were filed "within 90 days after the occurrence of the alleged violation of the WPA. MICH. COMP. LAWS § 15.363. Indeed, Jones does not say *when* the alleged violation of the WPA occurred. *See generally* ECF No. 1-2 at PageID.22–24. She merely asserts that she "engaged in protected activity under the [WPA] . . . by reporting unsafe conditions, discrimination, and retaliation." *Id.* at PageID.23.

At best, the only factual allegation which might support that conclusory allegation is that she reported "claims of discrimination, retaliation, etc. for protected classes" on December 30, 2024, and then received a disciplinary write-up from Delta on January 1, 2025. *Id.* But she did not file this complaint until August 20, 2025—

---

[1] Notably, a review of the docket in that case shows that the administrative law judge dismissed Jones's DOL case on September 26, 2025, and that she appealed the dismissal to the Administrative Review Board. *See* ALJ's Order Denying Motion to Extend and Granting Motion to Dismiss, *Jones v. Delta Air Lines, Inc.*, OALJ No. 2025-AIR-00008 (Dep't. of Labor Sept. 26, 2025).

well beyond the 90-day statute of limitations. *See* MICH. COMP. LAWS § 15.363; *see also Foster v. Judnic*, 963 F. Supp. 2d 735, 763 (E.D. Mich. 2013) (dismissing WPA claim filed beyond 90-day statute of limitations)., *aff'd sub nom. Foster v. Michigan*, 573 F. App'x 377 (6th Cir. 2014). Thus, to the extent Jones's WPA retaliation claim is based upon events that occurred in December 2024 and January 2025, it must be dismissed.

And to the extent Jones intends her WPA retaliation claim to be based upon other events, it is not clear from her complaint what those events might be, so her claim must be dismissed because it does not "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for" retaliation under Michigan's WPA. *Iqbal*, 556 U.S. at 678. Thus, Count V will be dismissed in its entirety for failure to state a claim upon which relief may be granted.

### F. Count VI: Retaliation under MIOSHA

In Count VI, Jones alleges that Delta retaliated against her for "safety reporting," and cites the Michigan Occupational Safety and Health Act ("MIOSHA"), MICH. COMP. LAWS § 408.1001 *et seq. See* ECF No. 1-2 at PageID.25. Delta argues that this claim must be dismissed[2] because MIOSHA does not authorize

---

[2] As a threshold matter, Delta notes that Jones's claim might be barred as duplicative of a claim Jones has filed previously with MIOSHA. *See* ECF No. 6 at PageID.55. Delta also suggests that to the extent Jones is basing this claim on any Federal Aviation Administration rules and regulations, it would be preempted by the Federal

a private civil right of action, but merely an administrative claim filed with the Michigan Department of Labor (MDOL). ECF No. 6 at PageID.56 (citing MICH. COMP. LAWS § 408.1065(2)).

MIOSHA prohibits employers from discriminating or retaliating against an employee because that employee filed a complaint with MIOSHA, testified or agreed to testify in a MIOSHA proceeding, or in any other way exercised a right under MIOSHA. MICH. COMP. LAWS § 408.1065(1). MIOSHA further provides that:

> (2) An employee who believes that he or she was discharged or otherwise discriminated against by a person in violation of this section may file a complaint with the department of labor alleging the discrimination within 30 days after the violation occurs. Upon receipt of the complaint, the department of labor shall cause an investigation to be made as it considers appropriate. If, upon the investigation, the department determines that this section was violated, the department shall order all appropriate relief, including rehiring or reinstatement of an employee to his or her former position with back pay.

> (3) The director of labor, within 90 days after the receipt of a complaint filed under this section, shall notify the complainant of the determination under subsection (2).

MICH. COMP. LAWS § 408.1065(2). The statute further provides for a review process if either party wishes to challenge the MDOL's determination which includes— ultimately—judicial review in a state circuit court. *Id.* § 408.1065(4)–(6).

Here, Jones does not allege that she has previously filed a MIOSHA retaliation

---

Aviation Act. *Id.* at PageID.55–56. But, as explained above, this Court need not reach either of those arguments.

complaint with MDOL, sought review of MDOL's determination regarding her complaint, and is now seeking judicial review of that determination. *See generally* ECF No. 1-2. Instead, she is attempting to sue Delta directly for alleged MIOSHA retaliation. But MIOSHA does not permit such a private right of action, and instead requires Jones to first file a complaint with MDOL. *See* MICH. COMP. LAWS § 408.1065. Accordingly, Jones has failed to state a claim upon which relief may be granted, so Count VI will be dismissed.

### G. Count VII: Workers' Compensation Retaliation

Delta argues that Count VII—Jones's workers' compensation retaliation claim—must also be dismissed because Jones's complaint does not "allege any facts that could support" such a claim. ECF No. 6 at PageID.63.

Michigan's WDCA prohibits an employer from discriminating or retaliating against an employee for—among other things—filing a worker's compensation claim. *See* MICH. COMP. LAWS § 418.301(13). To state a claim for WDCA retaliation, a plaintiff must allege:

> (1) she asserted her right to workers' compensation benefits; (2) the defendant knew she asserted her right to workers' compensation benefits; (3) the plaintiff suffered an adverse employment action; and (4) there was a causal connection between the plaintiff's assertion of her right to workers' compensation benefits and the adverse employment action.

*Vise v. Graphic Packaging*, 833 F. Supp. 2d 743, 748 (W.D. Mich. 2011) (citing *DeFlaviis v. Lord & Taylor, Inc.*, 566 N.W. 2d 661, 664 (Mich. Ct. App. 1997)).

- 16 -

Here, Jones has not alleged sufficient facts to satisfy any of these elements. *See generally* ECF No. 1-2. True, she has vaguely alleged that she suffered "workplace injuries." ECF No. 1-2 at PageID.22. But she does not say what kind of injuries she sustained, when she sustained the injuries, nor whether Delta knew of these injuries. *See generally* ECF No. 1-2. Moreover, she does not allege anywhere in her complaint that she asserted her right to workers' compensation benefits, let alone that Delta knew that she did and then took adverse employment action against her because of it. *See generally id.* In sum, Jones has not alleged sufficient facts to allege a WDCA retaliation claim against Delta. Accordingly, she has not stated a claim upon which relief may be granted, so Count VII will be dismissed.

### H. Count VIII: Bullard-Plawecki Act Claim

In Count VIII, Jones alleges that Delta violated Michigan's Bullad-Plawecki Employee Right to Know Act ("Bullard-Plawecki Act"), MICH. COMP. LAWS § 423.501 *et seq. See* ECF No. 1-2 at PageID.24. Delta argues this claim must be dismissed because Jones alleges no facts to support her conclusory allegation. ECF No. 6 at PageID.65.

Under Michigan's Bullard-Plawecki Act, an employer is required, "upon a written request by an employee, to provide an employee with access to the employee's personnel record and with the ability to obtain a copy of such record." *White v. Loomis Armored US, Inc.*, 729 F. Supp. 2d 897, 903 (E.D. Mich. 2010)

- 17 -

(citing MICH. COMP LAWS §§ 423.503–423.504). The Act also provides an employee with a private right of action to compel compliance if an employer violates the Bullard-Plawecki Act. *See* MICH. COMP. LAWS § 423.511.

Here's Jones's sole allegation relating to her Bullard-Plawecki Act claim is that she "requested access to her personnel file under the Bullard-Plawecki Act and was denied or obstructed." ECF No. 1-2 at PageID.24. But this is merely a "formulaic recitation of a cause of action's elements" without any allegations of fact to support this claim for relief such as when and how Jones allegedly made a request to Delta to access her personnel record. *Twombly*, 550 U.S. at 555. Indeed, Jones does not even state with clarity *who* denied her access, let alone *how* she was denied access. *See generally* ECF No. 1-2. Absent these factual details, Jones's Count VIII does not rise to the level of a facially plausible claim so it must be dismissed. *See Twombly*, 550 U.S. at 570.

## I. Count IX: Human Trafficking, Forced Labor, and Involuntary Servitude Claim

In Count IX, Jones claims Delta committed human trafficking, forced labor, and involuntary servitude in violation of § 750.462 of the Michigan Penal Code. ECF No. 1-2 at PageID.25. But, as Delta points out, *see* ECF No. 6 at PageID.56–57, this section of the Michigan Penal Code does not provide for a civil private right of action. *See generally* MICH. COMP. LAWS § 750.462a–; *see also Courser v. Allard*, 969 F.3d 604, 619 (6th Cir. 2020) (holding that "[i]n Michigan, a criminal statute

must expressly create a private cause of action, or one must be inferred from a lack of adequate means of enforcement"); *Serrant v. Real*, No. 23-11578, 2023 WL 4933934, at *2 (E.D. Mich. Aug. 2, 2023) (observing that criminal statutes do not confer private rights of action). Thus, Count IX must be dismissed. *See Watson v. City of Burton*, No. 17-11833, 2017 WL 3498950, at *1 (E.D. Mich. Aug. 16, 2017) (dismissing civil claim brought under Michigan's Penal Code because it did not provide for a private cause of action); *see also Stockler v. Reassure Am. Life Ins. Co.*, No. 11-CV-15415, 2013 WL 866486, at *11 (E.D. Mich. Mar. 7, 2013) (dismissing for failure to state a claim because the "[p]laintiff has not pointed to any provision of the Michigan Penal Code that would give him a right to bring a private cause of action under the Code") (collecting cases).

## J. Count X: Ethnic Intimidation and Harassment in Violation of MICH. COMP. LAWS 750.147b and "Common Law Torts"

In Count X, Jones alleges Delta carried out ethnic intimidation and harassment against her[3] in violation of § 750.147b of the Michigan Penal Code and "common law torts." ECF No. 1-2 at PageID.25. Delta argues this claim should be dismissed because it is not an individual subject to civil suit under § 750.147b(4) and even if it was, Jones has failed to allege facts which state a claim to relief under that statute. ECF No. 6 at PageID.57.

---

[3] Notably, Jones does not allege her ethnicity anywhere in her complaint. *See generally* ECF No. 1-2.

The ethnic intimidation statute Jones cites largely addresses criminal—as opposed to civil—liability.[4] *See generally* MICH. COMP. LAWS § 750.147b. However, the statute does provide that "[r]egardless of the existence or outcome of any criminal prosecution, an individual who suffers injury or property damage a result of a hate crime may bring a civil cause of action against the individual[5] who commits the offense." *Id.* § 750.147b(4) (2025).

A plaintiff alleging to have suffered an injury because of ethnic intimidation in violation of § 750.147b "must show that the defendants (1) caused physical contact with [the plaintiff] or threatened to do so, and (2) did so with the specific intent to harass or intimidate [her] on the basis of [her ethnicity]." *Austin v. Redford*

---

[4] Indeed,"[t]here is little case law applying § 750.147b at all, and an even greater dearth of authority applying the statute in a civil action." *Austin v. Redford Twp. Police Dep't*, 859 F. Supp. 2d 883, 908 (E.D. Mich. 2011), *aff'd*, 690 F.3d 490 (6th Cir. 2012).

[5] From March 30, 1989 until April 2, 2025, the statute used the term "person" instead of "individual." *Compare* MICH. COMP. LAWS § 750.147b (1989) to MICH COMP. LAWS § 750.147b (2025). And the Michigan Penal Code provides that the word "person" to "include, unless a contrary intention appears, public and private corporations, copartnerships, and unincorporated or voluntary associations." MICH. COMP. LAWS § 750.10. In this way, it appears that by intentionally replacing the word "person" with "individual" beginning in 2025, the Michigan Legislature intended to exclude private corporations from liability under this statute, just as Delta argues. *See* ECF No. 6 at PageID.57. But because it is not clear from Jones's complaint *when* the alleged ethnic intimidation and harassment in her case occurred—before or after the April 2, 2025 amendment to ethnic intimidation statute—this Court will proceed to analyze the merits of Jones's claim under this statute.

- 20 -

*Twp. Police Dep't*, 859 F. Supp. 2d 883, 908 (E.D. Mich. 2011), *aff'd*, 690 F.3d 490 (6th Cir. 2012); *see also Dumas v. Hurley Med. Ctr.*, 837 F. Supp. 2d 655, 664 (E.D. Mich. 2011).

Here, Jones has not alleged any of these elements. *See generally* ECF No. 1-2. Indeed, her complaint does not even mention her ethnicity, let alone that Delta specifically intended to harass or intimidate her because of it. *See generally id.* Nor has she alleged a single instance in which Delta caused physical contact with her or threatened to do so. *See generally id.* And she has not alleged that Delta physically injured her or damaged her property. *See generally id.* In this way, there are no factual allegations in Jones's complaint to support a claim for ethnic intimidation and harassment under MICH. COMP. LAWS § 750.147b. And to the extent that Jones attempts to bring an ethnic intimidation and harassment claim under "common law torts," there is no common law tort for ethnic intimidation and harassment. Thus, under either legal framework, Jones has not stated a claim in Count X upon which relief may be granted. Accordingly, Count X will be dismissed.

### K. Jones's Request to Amend

As a final matter, in her response opposing Delta's motion to dismiss, Jones alternatively requests "leave to amend [her complaint] to provide additional detail." ECF No. 10 at PageID.84. Notably, under Civil Rule 15(a)(1)(B), Jones could have filed an amended complaint as a matter of course within 21 days of service of Delta's

motion to dismiss "to fix any technical or other easily correctable deficiency of the complaint identified in [the defendant's] motion to dismiss." *Crone-Schierloh v. Hammock*, No. 2:12-cv-410, 2013 WL 12123903, at *3 (S.D. Ohio May 22, 2013); *see also* Fed. R. Civ. P. 15(a)(1)(B). But Jones did not do so. And she did not attach a proposed amended complaint with her request for leave to amend, as required by the Local Rules. *See* E.D. Mich. LR 15.1. Moreover, "[a] threadbare request to amend a complaint appended to the end of a response to a successful motion to dismiss is disfavored, because the Court has none of the information necessary to determine whether the amended complaint could survive a second motion to dismiss." *Kieffer v. Planet Fitness of Adrian, LLC*, No. 17-cv-11307, 2017 WL 3581315, at *5 (E.D. Mich. Aug. 18, 2017). Thus, Jones's request for leave to amend her complaint will be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 6, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1-2, is **DISMISSED** according to the table below:

| Count | Claim | Outcome |
|---|---|---|
| I | Disability Discrimination in violation of Michigan's Persons with Disabilities Civil Rights Act (PWDCRA) | Dismissed without prejudice |
| II | Failure to Accommodate in violation of Michigan's PWDCRA | Dismissed without prejudice |

| II | Failure to Accommodate in violation of Eliot-Larsen Civil Rights Act (ELCRA) | Dismissed with prejudice |
| III | Religious Discrimination in violation of Michigan's ELCRA | Dismissed without prejudice |
| III | Religious Failure to Accommodate in violation of Michigan's ELCRA | Dismissed with prejudice |
| III | Religious Discrimination & Failure to Accommodate in violation of the Michigan Constitution | Dismissed with prejudice |
| IV | Retaliation in violation of Michigan's ELCRA and PWDCRA | Dismissed without prejudice |
| V | Whistleblower retaliation in violation of Michigan's Whistleblowers' Protection Act (WPA) based upon December 2024 and January 2025 retaliation | Dismissed with prejudice |
| V | Whistleblower retaliation in violation of Michigan's Whistleblowers' Protection Act (WPA) based upon other alleged retaliation | Dismissed without prejudice |
| VI | Retaliation for Safety Reporting in violation of MIOSHA | Dismissed without prejudice |
| VII | Workers' Compensation Retaliation in violation of Michigan Worker's Disability Compensation Act (WDCA) | Dismissed without prejudice |
| VIII | Violation of Bullard-Plawecki Employee Right to Know Act | Dismissed without prejudice |
| IX | Human Trafficking, Forced Labor, and Involuntary Servitude | Dismissed with prejudice |
| X | Ethnic Intimidation and Harassment in violation of Mich. Comp. Laws 750.147b and "common law torts" | Dismissed with prejudice |

**SO ORDERED**.

**This is a final order and closes the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 22, 2026

- 23 -