UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

                Plaintiff,                            Case No. 2:25-cv-12910

v.                                       Honorable Susan K. DeClercq
                                         United States District Judge

DELTA AIR LINES, INC.,

                Defendant.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 16) AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL (ECF No. 19)**

In August 2025, Plaintiff Littiece Jones filed a ten-count complaint against her employer, Defendant Delta Air Lines, Inc. ("Delta") in Wayne County Circuit Court. ECF No. 1-2. After removing the case to federal court, *see* ECF No. 1, Delta filed a motion to dismiss Jones's complaint in September 2025, ECF No. 6, which this Court granted in April 2026, ECF No. 14. Now, Jones seeks (1) reconsideration of that dismissal order and judgment—or, alternatively, leave to amend her complaint; and (2) to proceed *in forma pauperis* on appeal. ECF Nos. 16; 19. As explained below, Jones's motion will be denied, but her application to proceed *in forma pauperis* will be granted.

### I. JONES'S MOTION FOR RECONSIDERATION (ECF No. 16)

As a threshold matter, Jones invokes this District's local rules as the basis for her reconsideration motion. ECF No. 16 at PageID.126 (citing "E.D. Mich LR 7.1(h)(3)"). But this District's local rules expressly state that "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich. LR 7.1(h)(1). However, because Jones proceeds *pro se*, this Court will liberally construe her motion for reconsideration as one seeking relief under Civil Rules 59(e) or 60(b).

### A. Legal Standard

"Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)." E.D. Mich LR 7.1(h)(1). Under Civil Rule 59(e), a party may file a "motion to alter or amend a judgment" within 28 days after entry of judgment. FED. R. CIV. P. 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (internal quotation marks and citation omitted). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cnty.,*

*Tenn.*, 402 F. App'x 107, 108 (6th Cir. 2010) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Similarly, under Civil Rule 60(b)(1), a court may grant relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

## B. Discussion

Importantly, Jones does not argue that this Court's substantive legal reasoning or conclusions regarding each of her ten counts were incorrect. *See generally* ECF No. 16. Instead, Jones argues that because the basis for dismissal of most of her claims were "curable pleading deficiencies," *id.* at PageID.126, she should have been granted leave to amend her complaint and cure those deficiencies, *id.* at PageID.127–28. But this Court already considered Jones's request for leave to

amend her complaint, *see* ECF No. 10 at PageID.84, and denied that request on several grounds, *see* ECF No. 14 at PageID.120–21. Indeed, as this Court explained:

> Notably, under Civil Rule 15(a)(1)(B), Jones could have filed an amended complaint as a matter of course within 21 days of service of Delta's motion to dismiss "to fix any technical or other easily correctable deficiency of the complaint identified in [the defendant's] motion to dismiss." *Crone-Schierloh v. Hammock*, No. 2:12-cv-410, 2013 WL 12123903, at *3 (S.D. Ohio May 22, 2013); *see also* Fed. R. Civ. P. 15(a)(1)(B). But Jones did not do so. And she did not attach a proposed amended complaint with her request for leave to amend, as required by the Local Rules. *See* E.D. Mich. LR 15.1. Moreover, "[a] threadbare request to amend a complaint appended to the end of a response to a successful motion to dismiss is disfavored, because the Court has none of the information necessary to determine whether the amended complaint could survive a second motion to dismiss." *Kieffer v. Planet Fitness of Adrian, LLC*, No. 17-cv-11307, 2017 WL 3581315, at *5 (E.D. Mich. Aug. 18, 2017). Thus, Jones's request for leave to amend her complaint will be denied.

*Id.*

Here, Jones does not identify any legal or factual error with this reasoning. *See generally* ECF No. 16. Likely because there is none. Indeed, dismissing a complaint with prejudice "where a plaintiff has not [properly] sought leave to amend typically is not an abuse of discretion." *U.S. ex rel Angelo v. Allstate Ins. Co.*, 106 F.4th 441, 454 (6th Cir. 2024), *cert den.* 145 S. Ct. 550 (2024). Although "leave to amend should be 'freely given,' it is not merely a formality" where the plaintiff had sufficient opportunity to seek leave to amend before the entry of judgment. *Id.* Thus, because Jones was not entitled to amend her complaint and has not identified any

legal basis to the contrary, Jones's motion for reconsideration of this Court's order dismissing her case will be denied. *See id.*; *see also* FED. R. CIV. P. 59(e), 60(b).

Additionally, Jones's motion seeks the "alternative" relief of leave to amend her complaint "even if reconsideration is otherwise denied."[1] ECF No. 16 at PageID.129. But that request will also be denied because it does not comport with the Local Rules, and a plaintiff seeking to amend her complaint post-judgment must first have the judgment vacated or set aside. *See* E.D. Mich. LR 15.1; *see also BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025). Simply put, where "a party seeks to amend a complaint after an adverse judgment, [the claimant] thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Cavier, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010). And here, as explained above, Jones has not met either of those requirements. Accordingly, her request to amend her complaint will be denied as well. *See id.*

At bottom, Jones has not shown she is entitled to reconsideration under Civil Rules 59(e) or 60(b), nor has she shown she is entitled to file an amended complaint.

---

[1] Notably, amendment of complaints following dismissal is disfavored because federal courts are "not a sounding board for litigants to test various theories until they find one allowing the litigation to continue." *Angelo*, 106 F.4th at 454 (internal quotation marks and citation omitted).

Thus, her motion for reconsideration, ECF No. 16, will be denied.

## II. JONES'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL (ECF No. 19)

Jones also filed an application to proceed *in forma pauperis* (IFP) "in District Court," which this Court will liberally construe as a motion to proceed *in forma pauperis* on appeal. *See* ECF No. 19.

Under the Federal Rules of Appellate Procedure, a non-prisoner like Jones who desires to proceed IFP on appeal must obtain pauper status under Appellate Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Appellate Rule 24(a)(3) provides that, if a party has been permitted to proceed IFP in the district court, he or she may also proceed IFP on appeal without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." FED. R. APP. P. 24(a)(3). If the district court denies the IFP status, the party may file a motion to proceed IFP in the Court of Appeals. FED. R. APP. P. 24(a)(4)–(5).

Having reviewed Jones's application, ECF No. 19, it appears she is entitled to proceed IFP on appeal. And it appears to this Court that Jones's appeal of this Court's April 2026 order dismissing her case is taken in good faith. Accordingly, this Court will grant Jones's application to proceed IFP on appeal. ECF No. 19. *See Shelley G. v. Comm'r of Soc. Sec.*, No. 2:23-cv-12917, 2025 WL 3899369, at *1 (E.D. Mich. June 24, 2025) (granting a plaintiff's application to proceed IFP on

- 6 -

- 7 -

appeal after finding that the plaintiff was entitled to do so and an appeal would not "lack good faith").

## III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 16, is **DENIED**.

Further, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal, ECF No. 19, is **GRANTED**.

**This is a final order.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated:  July 9, 2026